STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. FRANKLIN EXCHANGE BANK, APPELLANT: G. P. SPENCE, CLERK DISTRICT COURT, INTERVENER, APPELLEE.

FILED OCTOBER 19, 1934. No. 29014.

*F. C. Radke, Barlow Nye* and *William J. Garland,* for appellant.

*Leon Samuelson, P. E. Boslaugh* and *Edmund P. Nuss, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY and PAINE, JJ., and REDICK, District Judge.

ROSE, J.

In a proceeding by the state of Nebraska to wind up the affairs of the Franklin Exchange Bank, an insolvent corporation, G. P. Spence, clerk of the district court for Franklin county, intervened and presented a claim for an alleged trust fund deposit of $879.06 payable in full from the bank assets in the hands of E. H. Luikart, receiver, who had rejected the claim as one for a trust fund but had classified it as a preferred claim on a par with claims of depositors generally. Upon the trial of an issue raised by an answer in which the receiver denied that the bank held the fund as a trustee, the district court decreed the deposit to be a trust fund payable in full from bank assets in preference to claims of general and preferred creditors and directed the receiver to proceed accordingly. The receiver appealed.

Did the bank receive or hold the fund as trustee for the clerk or for the individual persons for whom he acted in accepting the separate items aggregating the sum of the unpaid deposit? The burden was on the clerk to prove facts establishing the trust relation upon which he relies to restore the money which he received officially under his bond as clerk. It is alleged in the petition in intervention and admitted in the answer thereto that the clerk brought the action on behalf of the *cestuis que trustent* for the purpose of avoiding a multiplicity of suits. The material facts in evidence are not in dispute. They are stipulated and may be summarized as follows: Spence is the duly qualified and acting clerk of the district court. As such he deposited

in the bank before it was closed certain funds that came into his hands officially. His account in the bank was designated, "G. P. Spence, Clerk District Court." In that capacity he had "$879.06 on deposit." The officers of the bank knew the funds represented by the "deposit of 'G. P. Spence, Clerk District Court,' belonged to and, were a part of the trust funds of the office." When the bank closed and when the receiver was in charge, the cash on hand was "in excess of the amount of the deposit of 'G. P. Spence, Clerk of District Court.'"

In accepting money belonging to others, the clerk not only acted as a public official but he acted as a trustee for each of the persons whose money he received. He became accountable to each as trustee because he acted for each and assumed that relation. It does not necessarily follow, however, that he extended to the bank the same trusteeship and the same accountability by making bank deposits with knowledge of the bankers. To charge the bank as trustee without a specific agreement to that effect, there must be some circumstance, or condition or transaction which the law recognizes as sufficient to create the relation of trustee and beneficiary, such as a specific deposit to be kept and returned in the exact form received; or a deposit for an exclusive, definitely stated purpose; or a deposit illegally made and knowingly and wrongfully accepted. Throughout the stipulation of facts herein the fund is called a "deposit." There is nothing to show that it was not a general deposit subject to check by the clerk for the purposes of distribution among the beneficial owners. Being subject to check on general funds of the bank, it was not a special deposit to be returned in the form received. There is nothing in the evidence tending to show that the fund was illegally deposited or knowingly and unlawfully accepted in a sense that makes the bank a trustee as a wrong-doer. A statute forbidding the deposit has not been pointed out or found.

It is suggested on behalf of the clerk that the criminal law on the subject of embezzlement of public money by public officers forbids them from creating by bank deposits the conventional relation of debtor and creditor. Comp. St. 1929, sec. 28-550. The stipulation of facts treats the transaction and the fund as a deposit, not as a loan or as an embezzlement. Besides, there is nothing in the record to show that any part of the fund belongs to the public. The real owners of the money are not named. The evidence does not show that the clerk received and deposited any money of the state or of any subdivision thereof. He pleaded that he brought the action on behalf of the *cestuis que trustent*, without naming them. They are not named in the evidence. The pleadings and proof in connection with the embezzlement statute do not show a wrongful deposit. The criminal law cited is inapplicable.

To sustain the trust fund theory, the clerk relies on *State v. Midland State Bank*, 52 Neb. 1. That case is not in point for the following reasons: The funds there in controversy belonged to a school district and were public funds. The court specifically held that the school district treasurer was without power to create with school district funds the relation of debtor and creditor.

On a trial *de novo* the members of the court are unanimously of the opinion that the deposit is not payable in full from assets in the hands of the receiver in preference to depositors generally. The judgment of the district court is therefore reversed and the cause remanded for the specific purpose of allowing the claim of the clerk as classified by the receiver.

REVERSED, WITH DIRECTIONS.